INHABITANTS OF ANDOVER *vs.* INHABITANTS OF EASTHAMPTON

Under Rev. Sts. c. 48, §§ 9, 10, and *Sts.* 1837, c. 228, § 7, and 1841, c. 77, the whole amount paid to the treasurer of the State Lunatic Hospital by the town in which a lunatic pauper, having a settlement within the Commonwealth, resided at the time of his commitment, for his expenses at the hospital within six years before such payment, may be recovered of the town of his settlement, by giving notice thereof within three months, and commencing an action within two years after such payment; although part of the amount had once been paid by the Commonwealth to the hospital, on the supposition that the lunatic had no settlement within the Commonwealth, and since reallowed by the hospital to the Commonwealth.

ACTION OF CONTRACT, commenced on the 17th of March 1855, to recover money paid by the plaintiffs to the treasurer of the State Lunatic Hospital at Worcester, for the support and clothing of Alinder O. Clapp from the 1st of December 1848 to the 1st of December 1854.

The parties submitted the case to the decision of the court upon the following facts: Clapp's legal settlement was and is in Easthampton. In 1845, while temporarily residing in Andover, he became insane, and was committed by the judge of probate to said hospital, and has since remained there. From the time of his commitment until the 1st of December 1852, he was sup posed to be a state pauper, and his expenses were charged to and paid by the State. But on the adjustment with the State by the hospital, in 1854, of the accounts for 1853, the amount thus paid was reallowed to the State, and said expenses charged to the plaintiffs, and payment thereof demanded of them by the treasurer of the hospital on the 2d of June 1854, and paid on the 2d of December 1854. On the 4th of December 1854 the plaintiffs gave due notice thereof to the defendants, and demanded reimbursement.

*M. Foster, Jr.* for the plaintiffs.

*C. Delano,* for the defendants. Andover, the town of the pauper's residence, was not liable to pay the expenses for 1849–1852, because it was " made to appear," when there was first occasion to inquire into the matter, that he had no settlement

within the Commonwealth. *St.* 1837, *c.* 228, § 7. The payment by the Commonwealth for those four years was at least "sufficient security to the satisfaction of the trustees," within the meaning of Rev. Sts. *c.* 48, § 9. And that payment, if made gratuitously by the Commonwealth, when the proofs of the place of settlement were alike accessible to all, cannot be disclaimed, waived or renounced, for the purpose of charging East hampton.

The "like rights and remedies, to recover such sums, as if such expenses had been incurred in the ordinary support of a lunatic," are limited by Rev. Sts. *c.* 46, § 13, to expenses "incurred within three months next before notice given to the town to be charged;" and Andover incurred the expenses, if at all, when payment was demanded by the treasurer of the hospital; for then her liability became fixed. *Worcester* v. *Milford,* 18 Pick. 384. The *St.* of 1841, *c.* 77, has not dispensed with the necessity of giving notice within three months after incurring the liability. *Cummington* v. *Wareham,* 9 Cush. 585. The reasons for promptness in making inquiries for the purpose of charging other towns, apply as well to cases of lunatics as of other paupers. See *East Sudbury* v. *Sudbury,* 12 Pick. 5. The reason given in *Worcester* v. *Milford,* 18 Pick. 383, that the town of temporary residence may have no notice of the commitment, is taken away by Rev. Sts. *c.* 48, § 7, requiring such notice. And the construction contended for by the defendants is in analogy to Rev. Sts. *c.* 48, § 16.

METCALF, J. It is necessary to the decision of this case that several statutes should be examined, and the effect of their combined provisions be ascertained.

By the Rev. Sts. *c.* 48, §§ 9, 10, and *St.* 1837, *c.* 228, § 7, the expenses of supporting lunatics committed to the hospital at Worcester shall be paid by the town in which they had their residence at the time of their commitment, if they had a settlement within the Commonwealth; and the town that pays such expenses shall have the like rights and remedies to recover the sums so paid, with interest and costs, as if such expenses had been incurred in the ordinary support of the lunatics. These

rights and remedies, in cases of ordinary support, are prescribed (so far as concerns this case) by the Rev. Sts. *c.* 46, § 13, where it is provided that a town, which shall furnish support to a poor person having a settlement in another town, may recover of that town the expense which was incurred for that support within three months next before notice thereof given to that town, by action at law instituted within two years after such cause of action shall have arisen, and not otherwise. By *St.* 1841, *c.* 77, " whenever any lunatic or insane person shall be committed to the State Lunatic Hospital at Worcester, from any town wherein he has not a legal settlement, and such town shall pay the expense of his support at said hospital, such town may recover from the town in which he has a legal settlement the full amount of all the expense so paid to said hospital." In an action for such recovery, it was decided in *Cummington* v. *Wareham*, 9 Cush. 585, that the plaintiffs are bound by the provisions of Rev. Sts. *c.* 46, § 13, as to notice to the defendants and limitation of the action.

When the lunatic, in this case, was committed to the hospital, his residence was in Andover, and his settlement in Easthampton. Andover was therefore liable for his support at the hospital. But the fact, that he had such settlement, was not known until after most of the expense of that support had been incurred ; and, for that reason, Andover was not called on by the officers of the hospital, for payment of that expense, until June 1854. On the 2d of December 1854, Andover paid to the treasurer of the hospital the expense incurred between December 1st 1848 and June 1st 1854, and, on the 4th of that month, gave due notice to Easthampton, and demanded reimbursement. On refusal by that town, this action was commenced on the 17th of March 1855.

It is to be noticed here that, by Rev. Sts. *c.* 46, § 13, the claim which the hospital made on Andover was not barred by the statute of limitations ; that claim being only for the expense incurred within six years.

On this state of the law and the facts, the court are of opinion that the plaintiffs are entitled to recover their full claim, with

interest and costs. They paid to the hospital what the law required them to pay, and no more. They gave notice to the defendants, according to the Rev. Sts. *c.* 46, § 13, of the expense incurred by them, within three months next before the notice, and commenced this action within two years after their cause of action had arisen. They incurred that expense when they paid the hospital, and not before. *Judgment for the plaintiffs.**

---

* A like decision was made, upon similar facts, in a subsequent case, of CITY OF WORCESTER *vs.* INHABITANTS OF STERLING, Worcester, September term 1856.

*P. C. Bacon & C. Devens, Jr.* for the plaintiffs.

*E. Washburn,* for the defendants.